APRIL MITCHELL                )        **3  08   0613**
                             )
                             )        No._____
v.                           )        (No. 3:08-MC-0087)
                             )        Judge Echols
STADIUM INN HOTEL            )

### MEMORANDUM AND ORDER

The plaintiff, proceeding *pro se*, is a homeless person in Nashville, Tennessee. She brings this action against Stadium Inn Hotel.

The plaintiff has filed an application to proceed *in forma pauperis*. As it appears that the plaintiff is homeless and cannot pay the three hundred fifty dollar ($350.00) civil filing fee in this matter, the Clerk is directed to file this action *in forma pauperis*. 28 U.S.C. § 1915(a)(1). However, process shall NOT issue.

*Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or

fact if it contains factual allegations that are fantastic or
delusional, or if it is based on legal theories that are
indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d
863, 866 (6th Cir. 2000).

The Court has made an effort to read and understand the
statement of the plaintiff's claim. Plaintiff seems to be blaming
Stadium Inn Hotel for her being homeless because she has been
harassed. She does not state by whom she has been harassed or how
such harassment led to her being homeless. Plaintiff's statements
are conclusory and provide no facts supporting any viable claim.
She states "the entire City of Nashville [should be immediately
arrested] for refusal to stop harassing[.] Refusal to stop
harassing[.] Restitution back to Stadium Inn Hotel." Consequently,
the complaint does not lend itself to liberal construction as
prescribed by *Boag v McDougall*, nor is the Court required to
conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th
Cir. 1990) (citing *Merritt v. Faulkner,* 697 F.2d 761 (7th Cir.
1983)).

For the reasons explained above, the plaintiff's complaint
lacks an arguable basis in law or fact. Accordingly, the complaint
is DISMISSED as frivolous. Because an appeal from the judgment
rendered herein would not be taken in good faith, the plaintiff is
NOT certified to pursue an appeal from this judgment *in forma
pauperis.* 28 U.S.C. § 1915(a)(3).

Entry of this Order shall constitute the judgment in this action.

It is so ORDERED

Robert L. Echols
United States District Judge

3